STATE EX REL. CHARLES McCRAY v. C. H. BURK, ET AL.

1. **Confirmation by Village Council Prerequisite to Complete Mayor's Appointment of Street Commissioner to Fill Vacancy as for Full Term.**

   An appointment of street commissioner to fill a vacancy requires confirmation by the village council the same as an appointment for the full term as prescribed by Sec. 4363 G. C.

2. **Appointment of Street Commissioner On or Before First Monday in February Limited to Full Year's Term and Temporary Appointment Unauthorized.**

   An appointment of street commissioner of a village on or before the first Monday in February is limited by Sec. 4251 G. C. to an appointment for a full term of a year which under Sec. 4363 G. C. requires confirmation of the council; hence, a "temporary appointment" of one whom council refuse to confirm as street commissioner to "prevent a stoppage of public business" as prescribed by Sec. 4488 G. C., which applies only to civil service employes, is unauthorized and invalid.

   [Syllabus approved by the court.]

APPEAL from common pleas court.

*Wickham & Martin,* for plaintiff.

*Craig & Pruner* and *W. J. Tossell,* for defendants.

RICHARDS, J.

The action is one in mandamus to compel the defendants, members of the council of the village of New London and the clerk of said village, to authorize and direct the drawing of a warrant, and to draw such warrant, on the treasurer of the village to pay the relator the salary claimed to be due him as street commissioner. The controversy turns on whether the relator was the street commissioner during the month of February, 1914, for which period he demands that an order be allowed and drawn to cover his compensation. In the court of common pleas the petition of the relator was dismissed.

It appears from the pleadings and evidence that one E. H. Hood was the street commissioner of the village, appointed by the mayor and confirmed by the council, for the year 1913; that at the expiration of his year in the office, and without waiting for any successor to take his place, he abandoned the duties of his office, in effect leaving a vacancy. On January 1, 1914, the mayor appointed A. B. Davis as street commissioner for one month and that appointment was confirmed by the village council, but Davis failed to give any bond to secure the performance of his duties as such street commissioner, until February 5, 1914, although he in fact assumed to perform the duties of the office. On January 12, 1914, the mayor appointed George Reis street commissioner, which appointment the council declined to confirm. On February 2, 1914, the mayor appointed the relator, Charles McCray, as street commissioner, and the council declined to confirm his appointment. Thereupon the mayor submitted a written communication reading as follows:

"The council having failed without just cause to confirm my appointments for the office of street commissioner and no complaint having been offered as to the ability and efficiency of the appointees in question, I hereby appoint Charles McCray temporary street commissioner to prevent the stoppage of public business. Said appointment to terminate when the contingency has passed. (Signed) W. I. Bracy, Mayor."

State v. Burk.

Mr. McCray executed a bond, with sureties, on February 6, 1914, to secure the performance of his duties as street commissioner, conditioned as follows:

"Now if the said Charles McCray as such street commissioner (emergency) aforesaid shall faithfully perform the duties of his said office until the contingency caused by the failure of council of said village to confirm said appointment by mayor is removed, then the above obligation to be void."

The controversy between the mayor and the village council arises from the construction to be placed on Sec. 4363 G. C. and other statutes in *pari materia*. The section above cited reads as follows:

"The street commissioner shall be appointed by the mayor and confirmed by council for a term of one year, and shall serve until his successor is appointed and qualified. He shall be an elector of the corporation. Vacancies in the office of street commissioner shall be filled by the mayor for the unexpired term. In any village the marshal shall be eligible to appointment as street commissioner."

Counsel on behalf of the relator contend that by the plain reading of the statute the appointment of a street commissioner to fill a vacancy does not require the confirmation of the council, and it is contended by counsel for the defendants that all appointments for street commissioner are incomplete until the same have been confirmed by the village council.

The record discloses that the street commissioner for 1913, Mr. Hood, in effect abandoned the office and thereby created a vacancy which should have been filled by appointment, the appointee to hold for the unexpired term and until his successor should be appointed and qualify. The mayor undertook to fill that vacancy by naming A. B. Davis, but this appointee failed to qualify until February 5, 1914, on which date he executed a bond in accordance with statute. He did, however, in effect, hold the office during the month of January and was at least the *de facto* street commissioner. By virtue of the provisions of Sec. 4251 G. C., it was the duty of the mayor to appoint a street commissioner between the second Monday in January and the first Monday in February, for the full term of one

year. He attempted to perform that duty by naming the relator as street commissioner on February 2, 1914, and, on the council refusing to confirm the appointment, he then sought to name the same man as street commissioner for a temporary period. The mayor assumed that Sec. 4488 G. C. authorized a temporary appointment, but that section applies only to appointments in the civil service. The only appointment which could have been made at that date would have been an appointment for the full term of one year, and such an appointment would, by the plain language of Sec. 4363 G. C., have required confirmation by the council.

The circuit court of the sixth circuit, sitting in Fulton county, in the case of *State* v. *Darby,* 4 Circ. Dec. 124 (12 R. 235), held that the misapprehension of the true tenure of the appointee, on the part of the mayor or others, could not abridge the term of his continuance in office. It would follow that any attempted limitation in the terms of the appointment would be ineffective and that the appointee, if he became street commissioner by virtue of the appointment of February 2, 1914, would hold for the period of one year and until his successor should be appointed and qualify.

We do not, however, rest the decision of this case on that proposition alone, but construe Sec. 4363 G. C., when read in connection with other parallel statutes, to require a confirmation by the village council of all appointments to the office of street commissioner, whether for a full term or a vacancy, in order to perfect the title of the appointee. It is doubtless true that a literal reading of the language of the section does not require such confirmation. Neither does it provide for the omission of such confirmation in filling a vacancy in the office. The statute in question provides that an appointment for the full term shall be confirmed by the council, and all that the remaining portion of the section provides for is that in case of a vacancy appointment, the appointee shall hold for the unexpired term. The section does say that the vacancy shall be filled by the mayor, but it does not say how it shall be filled, and the fair inference is that it shall be filled in the same manner as the

State v. Burk.

office was filled for the full term, namely, appointment by the mayor and confirmation by the council.

To so construe this section as to allow the mayor to fill a vacancy in the office of street commissioner without the concurrence of the village council, would result in an anomaly in the statutes. By other sections of the statutes the street commissioner is under the direct control of the village council and that body has the power to determine whether he shall have assistants and this is true whether the official be an appointee for the full term or to fill a vacancy.

An examination of the statutes shows a general legislative purpose to provide in cases where offices are to be filled by an appointment by one official and confirmation by another body, that vacancies occurring in such offices shall be filled in the same manner. An illustration may be found in the same chapter of the statutes now under consideration, where it is provided in Sec. 4359 G. C. that vacancies in the board of trustees of public affairs shall be filled by the mayor for the unexpired term, subject to confirmation by the council. Another illustration may be found as to state offices in Sec. 12 G. C., in which it is provided that vacancy appointments made by the governor are to be subject to the advice and consent of the senate. Numerous other illustrations may be found in the statutes but these two will suffice.

It is allowable in case of ambiguity in a statute to examine the history of legislation on the subject and to consider the results which would follow a literal interpretation of the language used. See *Slingluff* v. *Weaver*, 66 Ohio St. 621 [64 N. E. Rep. 574].

If a vacancy appointment to the office of street commissioner required no confirmation by the council, then an unscrupulous mayor could easily keep one of his creatures in office despite the opposition of the council. Such an appointee would hold under the statutes, until his successor should be appointed and qualify, and by refusing to make any other appointment, such appointee would continue in office indefinitely. We do not

32 O. C. C. Vol. 34

mean by this to criticize the action of any official in the present
case or any person named as an appointee, for it does not ap-
pear from the record that any of them have been actuated by
improper motives.   What has been said was merely to illustrate
the dangers that might arise if the construction contended for
should be adopted.

It is not to be presumed from the language of Sec. 4363 G.
C. that the general assembly intended such a situation to
arise.   The section should rather be interpreted in the spirit
suggested by Williams, C. J., speaking for the court, in
the case of *Cincinnati* v. *Connor*, 55 Ohio St. 82, 89 [44
N. E. Rep. 582], in which that eminent jurist uses this
language:

"It is an equally well established rule, that the provisions
of a statute are to be construed in connection with all laws in
*pari materia,* and especially with reference to the system of
legislation of which they form a part, and so that all the pro-
visions may, if possible, have operation according to their plain
import.   It is to be presumed that a code of statutes relating to
one subject, was governed by one spirit and policy, and in-
tended to be consistent and harmonious, in its several parts.
And where, in a code or system of laws relating to a particular
subject, a general policy is plainly declared, special provisions
should, when possible, be given a construction which will bring
them in harmony with that policy.   And it is only when, after
applying these rules in the endeavor to harmonize the general
and particular provisions of a statute, the repugnancy of the
latter to the former is clearly manifest, that the intention of the
legislature as declared in the general language of the statute
is superseded."

The statute in question in the case at bar is fairly within
the terms of the language of the Supreme Court in *Doyle* v.
*Doyle*, 50 Ohio St. 330 [34 N. E. Rep. 166], where the Supreme
Court say that what is plainly implied in the language of a
statute is as much a part of it as that which is expressed.

We hold that the appointment of a street commissioner to

State v. Burk.

fill a vacancy requires confirmation by the village council the same as an appointment for a full term.

The petition of the relator will be dismissed.

**Kinkade** and **Chittenden, JJ.**, concur.